Contracts; Wunderlich Act review; default termination; impossibility of performance; excusable delays; waivers of delivery schedule and establishment of revised schedule; Government claim for reprocurement costs and for breach of contract damages. — Plaintiff contractor and defendant United States seek review, under Wunderlich Act standards, 41 U.S.C. §§321-22 (1970), of a decision of the Department of Transportation Contract Appeals Board (the Board). Specifically, plaintiff seeks review of the Board’s affirmance of a default termination; defendant seeks review *673 of the decision denying the Government the excess costs of reprocurement. Defendant also counterclaims for damages arising from plaintiffs alleged breach of contract. On June 30, 1971, plaintiff was awarded a contract for the manufacture and delivery of 92 BRITE (Bright Radar Indicator Tower Equipment) systems, and accessory parts. The purpose of these systems is to display radar information on a television format in airport tower facilities. The contract as awarded contemplated delivery of the first BRITE system by June 24, 1972, or within one year of contract award. Delivery was not accomplished by that date. As a result of discussions between the parties an adjusted delivery date of May 11, 1973 was set as the final time for performance. When delivery on that date was not forthcoming, the Government, on May 18, 1973, issued a notice of default termination. Plaintiff challenges the Board’s findings that May 11, 1973 was a properly agreed-to delivery date and that the Government had not waived the requirement that delivery be made by that date. Plaintiff also argues that the contract specifications contained requirements that were impossible to perform or otherwise warranted adjustments in delivery dates. On June 6, 1979 Trial Judge Judith Ann Yannello filed a recommended opinion (reported in full at 26 CCF ¶ 83, 390) upholding the default termination and the denial of excess reprocurement costs. As to impossibility of performance, the trial judge found that the necessary components of the system were available to plaintiff and were in fact used successfully by other manufacturers of BRITE systems. Thus the contract specifications did not make performance impossible. With regard to the adjusted delivery schedule, plaintiff was, or should have been, aware that establishment of the revised delivery dates created a firm obligation and that any failure to meet such obligation would serve as grounds for default termination. The trial judge found that defendant was precluded from seeking review of the Board’s denial of recovery of excess reprocurement costs. The findings of the Board, i.e. that defendant failed to properly mitigate damages and failed to establish the reasonable value of reprocurement or the existence of excess costs, were entitled to finality and binding on the Government. The trial judge also found plaintiff liable for *674 damages arising from its breach of contract. On March 21, 1980 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case. Dismissal of the petition was stayed pending disposition of defendant’s second counterclaim. On March 11, 1981 the petition was dismissed following filing of defendant’s motion to withdraw its second counterclaim and for dismissal of the petition.